[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12404

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARIAN BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cr-00065-TES-CHW-1

_____

Before ROSENBAUM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Darian Berry, a federal prisoner, appeals *pro se* the district court's *sua sponte* denial without prejudice of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[1] Berry argues that the district court erred in denying his motion before directing the government to respond because the Supreme Court's decision in *Arizona v. California*, 530 U.S. 392 (2000), precludes its ability to do so unless there would otherwise be a strain on judicial resources. He also argues that the district court abused its discretion by finding he did not satisfy the exhaustion requirement in § 3582(c)(1)(A).

We review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911-12 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *Id.*

A district court may reduce a term of imprisonment

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). This "exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule." *Harris*, 989 F.3d at 911. A prisoner's administrative request for a sentence reduction must be submitted first to the warden and must include an explanation of the extraordinary and compelling reasons for compassionate release and a proposed release plan. 28 C.F.R. § 571.61(a).

A party may raise *res judicata* to bar the relitigation of a claim decided in a prior proceeding. *Israel Discount Bank Ltd. v. Entin*, 981 F.2d 311, 314 (11th Cir. 1992). In *Arizona v. California*, the Supreme Court held that trial courts must be cautious about raising preclusion bars *sua sponte* if judicial resources had not yet been spent on the claim. 530 U.S. at 412-13.

Here, the district court did not err in *sua sponte* denying Berry's motion without prejudice. Although the exhaustion requirement in § 3582(c)(1)(A) is a claim-processing rule, Berry has not identified any precedent that precludes the district court from *sua sponte* invoking it. The Supreme Court's decision in *Arizona* does not preclude the *sua sponte* invocation of the exhaustion requirement because its holding was regarding preclusion on *res judicata* grounds, which can completely prevent litigation of a claim.

By contrast, dismissing based on failure to exhaust administrative remedies does not necessarily end litigation.  Moreover, the district court did not abuse its discretion in finding Berry's motion insufficient to satisfy the exhaustion requirement because he provided no evidence that he properly submitted his administrative request, that the warden received it, or that it contained extraordinary and compelling reasons for his release or a proposed release plan, as required by the Bureau of Prison's regulations as part of the administrative process.  28 C.F.R. § 571.61(a).  Accordingly, we affirm.

**AFFIRMED.**